UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAWTHORNE MCGEE, | No. 2:24-cv-01955 CSK P |
| Petitioner, | |
| v. | ORDER |
| SALINAS VALLEY STATE PRISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

For the following reasons, petitioner is ordered to file a copy of the habeas corpus petition he filed in the California Supreme Court so that this Court can determine whether petitioner exhausted state court remedies.

Petitioner challenges his 2021 conviction from the Sacramento County Superior Court for violations of California Penal Code sections 261, 288 and 261. (ECF No. 1 at 1.) Petitioner is serving a sentence of 45 years to life. (Id.) In claim one, petitioner raises the following claims: 1) violation of petitioner's right to a speedy trial; 2) violation of California Penal Code § 1382; 3) violation of the Fourteenth Amendment; and 4) violation of the Sixth Amendment. (Id. at 5.)

In claim two, petitioner raises an ineffective assistance of counsel claim. (Id. at 7.) In claim three, petitioner raises claims for violation of the Fourteenth Amendment and the statute of limitations. (Id. at 8.) Petitioner states that he did not raise the claims raised in claims one, two and three on appeal because his appellate counsel refused to raise these claims.[1] (Id. at 6, 7, 9.) Petitioner indicates that he raised the claims raised in claims one, two and three in habeas corpus petitions filed in state court. (Id. at 4, 7, 8, 10.)

Attached as an exhibit to the petition are two copies of the September 27, 2023 order by the California Supreme Court in case no. S280971 denying petitioner's habeas corpus petition. (ECF No. 1-1 at 43, 50.) This order states:

> The petition for writ of habeas corpus is denied. (See People v. Duvall (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)

(Id. at 43, 50.)

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim ...; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 349-51 (1989). Although the exhaustion

---

[1] On appeal, appellate counsel raised claims alleging jury instruction error. See People v. McGee, 2023 WL 194610 (Cal. App. Jan. 17, 2023).

doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233, 237-38 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.

When the California Supreme Court denies a petition for writ of habeas corpus with citations to both Duvall and Swain, the decision is "in effect, the grant of a demurrer, i.e., a holding that [the petitioner] ha[s] not pled facts with sufficient particularity." Curiel v. Miller, 830 F.3d 864, 869 (9th Cir. 2016) (alterations in original) (elaborating on the meaning of the Duvall and Swain citations in California Supreme Court orders). "These are defects that can be cured in a renewed state petition[, and] [s]tate judicial remedies are not exhausted in such a case." McCarthy v. Frauenheim, 2017 WL 5972696, at *3 (N.D. Cal. Dec. 1, 2017); see Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) ("Swain is cited by the California Supreme Court to indicate that claims have not been alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed petition.").

The California Supreme Court's citations to Duvall and Swain in the order denying petitioner's habeas corpus petition do not establish per se that petitioner failed to exhaust his current claims. See Kim, 799 F.2d at 1319. Rather, this Court is required to "independently analyze the petition presented to the California Supreme Court to determine whether [the petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'" Barrera v. Att'y Gen. of California, 473 Fed. App'x 748, 749 (9th Cir. 2012) (citations to Swain and Duvall require a federal habeas court to independently analyze the state petition to determine whether the petitioner satisfied federal exhaustion requirements and alleged his claims with as much particularity as is practicable).

Petitioner did not include a copy of his habeas corpus petition filed in the California Supreme Court with the instant petition. Accordingly, petitioner is ordered to file a copy of the petition he filed in the California Supreme Court within thirty days of the date of this order.

Following receipt of that petition, this Court will determine whether petitioner exhausted state court remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted; and

2. Within thirty days of the date of this order, petitioner shall file a copy of the habeas corpus petition he filed in the California Supreme Court.

Dated: 08/21/24

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mcgee1955.100

2

4