UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAWTHORNE MCGEE, | No. 2:24-cv-1955 DAD CSK P |
| Petitioner, | |
| v. | ORDER |
| SALINAS VALLEY STATE PRISON, | |
| Respondent. | |

  Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action proceeds on the petition filed July 11, 2024 raising the following three claims: 1) violation of the right to a speedy trial; 2) ineffective assistance of counsel; and 3) violation of the statute of limitations.  (ECF No. 1)  Respondent filed an answer to the petition on May 20, 2025.  (ECF No. 30.)  Petitioner did not file a reply to the answer.

  Pending before the Court are petitioner's motion to compel and for sanctions (ECF No. 26) and motion for reconsideration and request for subpoena (ECF No. 27).  Respondent filed an opposition to the motion to compel and for sanctions.  (ECF No. 28.)  For the following reasons, petitioner's pending motions are denied.

**I. Motion to Compel and for Sanctions**

  In the motion to compel and for sanctions, petitioner claims that he does not have access

1

to his trial transcripts and discovery, which he appears to claim were denied to him by the lower court and his appellate counsel. (ECF No. 26 at 2.) Petitioner claims that he requires access to his trial transcripts and discovery to prove that the victim lied and to support his claims alleging speedy trial violation, ineffective assistance of counsel, conflict of interest, judicial misconduct, racial bias, violation of statute of limitations and denial of presence at jury deliberations. (Id.) Petitioner claims that he tried to obtain the trial transcripts and discovery by filing a complaint with the lower courts, a complaint with the district attorney and apparently making requests to his appellate counsel and the court reporter. (Id.) Petitioner claims that on January 3, 2025, petitioner filed a writ of mandate in the lower courts asking for the trial transcripts and discovery. (Id.) The writ of mandate is still pending in the Sacramento County Superior Court. (Id.) In the pending motion, petitioner requests that this Court order that petitioner be provided with his trial transcripts and discovery. (Id. at 3.) Although docketed as a motion for sanctions, the pending motion does not appear to seek sanctions.

       Petitioner's motion to compel and for sanctions, in which petitioner seeks his trial transcripts and discovery, is denied because the same request is pending in the Sacramento County Superior Court. Petitioner may renew his request for trial transcripts and discovery following resolution of his writ of mandate pending in the Sacramento County Superior Court, if appropriate.

       If petitioner renews his request for trial transcripts, petitioner is informed that a state prisoner does not have a constitutional right to a trial transcript to assist him in preparation of a federal collateral attack on his conviction. See United States v. MacCollom, 426 U.S. 317, 323-328 (1976). Although in any application for a writ of habeas corpus where the petitioner proceeds in forma pauperis, the Court may provide copies of documents or parts of the record on file under 28 U.S.C. § 2250, "the question of what copies, if any, should be provided to an indigent habeas petitioner rests within the Court's discretion," and "[t]he litigant seeking copies must provide sufficient information to enable the Court to determine the necessity for the copies requested." Van Wyk v. Beard, 2016 WL 3381283, at *12 (C.D. Cal. Mar. 14, 2016), findings and recommendations adopted, 2016 WL 3388305 (C.D. Cal. Jun. 13, 2016). If petitioner renews

2

his request for trial transcripts, he must demonstrate how the trial transcripts are relevant to the claims on which this action proceeds. This Court also observes that petitioner attaches some transcripts as exhibits to the petition, although it is not clear whether these transcripts are from the trial. (ECF No. 1-1 at 3-4, 7-9, 15-16, 20-24, 26-34, 37-38; ECF No. 1-2 at 35-39, 49, 67, 79, 82-83.) Some of these transcripts may be from pretrial proceedings, such as the preliminary hearing. If petitioner renews his request for trial transcripts, petitioner shall address how he possesses the transcripts attached to the petition but not the trial transcripts he requests.

If petitioner renews his request for discovery, petitioner is informed that although a habeas proceeding is a civil suit, a habeas petitioner "does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999); Bracy v. Gramley, 520 U.S. 899, 904 (1997) (stating that unlike other civil litigants, a habeas corpus petitioner is not entitled to broad discovery). Rule 6(a) of the Rules Governing § 2254 Cases permits discovery "only in the discretion of the court and for good cause shown." Rich, 187 F.3d at 1068. Rule 6(b) further provides that "[a] party requesting discovery must provide reasons for the request." Rule 6(b), 28 U.S.C. foll. § 2254.

Further, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") "restricts the ability of a federal habeas court to develop and consider new evidence." Shoop v. Twyford, 596 U.S. 811, 819 (2022). "Review of factual determinations under [28 U.S.C.] § 2254(d)(2) is expressly limited to "the evidence presented in the State court proceeding." Shoop, 596 U.S. at 819. A court considering a habeas corpus petition is ordinarily limited to the state court record. See Cullen v. Pinholster, 563 U.S. 170, 180 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

If the petitioner "failed to develop the factual basis of a claim in State court proceedings," this court may admit new evidence only in two limited situations. See 28 U.S.C. § 2254(e)(2). The claim must rely on a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by the Supreme Court, or it must rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). In addition, even if the petitioner can satisfy one of those two exceptions,

3

1  petitioner must also show that the desired evidence would demonstrate, "by clear and convincing
2  evidence," that "no reasonable factfinder" would have convicted petitioner of the charged crime.
3  See § 2254(e)(2)(B).  If petitioner renews his request for discovery, he shall address the legal
4  standards set forth above.

**II.      Motion for Reconsideration and Request for Subpoenas**

Petitioner's motion for reconsideration and request for subpoenas is addressed to the "Supreme Court."  (ECF No. 27 at 1.)  In this motion, petitioner requests that the court reconsider appointing counsel to help petitioner get his trial transcripts and discovery.  (Id.)  Petitioner claims that he requires counsel to subpoena and obtain police records from the major crime unit detective in petitioner's case, who was forced to quit and resign due to misconduct, etc.  (Id.)  Attached to the request for reconsideration is a letter addressed to the "federal clerk," dated November 27, 2023.  (Id. at 2.)  This letter is stamped as received on December 1, 2023 by the United States District Court for the Northern District of California.  (Id.)  In this letter, petitioner requests that the Clerk send him two subpoenas.  (Id.)  Also attached to the request for reconsideration is a letter dated January 17, 2024 from the State Bar of California to petitioner closing petitioner's complaint against the attorney who apparently represented petitioner on appeal.  (Id. at 4-6.)  Also attached to the request for reconsideration is a letter dated January 8, 2024 addressed to petitioner from a court reporter in response to petitioner's request for trial transcripts.  (Id. at 6.)  The letter states that petitioner's trial transcripts cost $630.55.  (Id.)  Finally, also attached to the request for reconsideration is a letter dated June 23, 2023 from petitioner's appellate counsel to petitioner stating that appellate counsel sent petitioner's copy of the record on appeal, contained in two boxes, to petitioner's sister in April.  (Id. at 7.)  The letter states that one of the boxes was returned to trial counsel on June 12 and the other box was signed for and delivered.  (Id.)  The letter states that appellate counsel intends to resend the returned box to petitioner's sister.  (Id.)  This letter suggests that petitioner's sister may have possession of the records petitioner seeks in the pending motions.

The pending motion for reconsideration and request for subpoenas appears to be addressed to the California Supreme Court rather than this Court.  For this reason, petitioner's

4

motion for reconsideration and request for subpoenas is denied.  To the extent the pending motion for reconsideration and request for subpoenas can be construed as addressed to this Court, this Court finds that this pleading is made in support of the motion to compel and for sanctions addressed above.  Having considered petitioner's motion for reconsideration and request for subpoenas, this Court finds that the arguments made in this pleading do not change this Court's order denying petitioner's motion to compel and for sanctions.  If petitioner renews his request for trial transcripts, petitioner shall address whether he sought the trial transcripts from his sister.

Because petitioner may have waited to file his reply to the answer until this Court ruled on the pending motions, petitioner is granted an extension of thirty days from the date of this order to file his reply to the answer.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to compel and for sanctions (ECF No. 26) is denied without prejudice;

2. Petitioner's motion for reconsideration and request for subpoenas (ECF No. 27) is denied; and

3. Petitioner is granted thirty days from the date of this order to file a reply to the answer.

Dated:  June 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mcgee1955.tr/2

5